HAYMES *v.* PRIEST.

Opinion delivered December 8, 1930.

Madison K. Moran, for appellant.

John R. Thompson, for appellee.

Humphreys, J. This suit was brought in the chancery court of Lonoke County by appellee against appellants to foreclose a chattel mortgage upon the separate property of one of the appellants, Maggie Haymes, executed jointly by appellants to appellee to secure supplies to be furnished them while making the crop during the year 1929. It was alleged that appellants owed appellee a balance of $461.41 for supplies furnished them during said year. An itemized copy of the book account showing debits and credits was attached to the complaint.

A separate answer was filed by Maggie Haymes denying every material allegation in the complaint.

Personal service was not obtained upon J. A. Haymes, and his appearance was not entered by answer or otherwise.

The cause was submitted upon the pleadings and testimony resulting in a personal judgment being rendered against both appellants for $296.27, together with the decree of foreclosure and order of sale of all the personal property owned by Maggie Haymes in said county which had not already been sold to satisfy same, from which is this appeal.

It appears that appellant, Maggie Haymes, and her husband executed three notes in the total sum of $700,

one of which was to appellee for $300 and two of which were to the bank for $200 each; that the money obtained on the notes executed to the bank was paid to appellee and credited on the account for supplies furnished by appellee and charged to J. A. Haymes; that appellants executed a chattel mortgage covering the crop to be raised, and all the personal property owned by Maggie Haymes in said county to secure the supplies to be furnished by appellee during the year 1929; that the debits included an item of $105.90 advanced to Charlie Sharp and the $3 advanced to him in cash, which made a total of $108.90; that Charlie Sharp turned his crop over to J. A. Haymes who assumed the payment of advances made by appellee to Sharp and directed that the amount be transferred and charged to his book account covering advances which had been made under the chattel mortgage; that J. A. Haymes took a car belonging to his wife, Maggie Haymes, and left the country and that Maggie Haymes thereupon turned the crops and personal property covered by the mortgage over to appellee for the purpose of selling same and applying the proceeds thereof to the account for supplies furnished by appellee.

The main contention of appellant for a reversal of the judgment and decree is that Maggie Haymes' liability under the mortgage was limited to the face of the notes and interest. In other words, that her individual property covered by the mortgage could not be subjected to the payment of supplies sold and charged to her husband in excess of the face value of the notes and interest thereon. The notes were given as estimates only of the amount of supplies to be furnished. The language of the mortgage was broader and covered the value of all supplies to be furnished by appellee to appellants during the year 1929. The language of the mortgage, however, was not broad enough to include supplies furnished and charged to a third party who thereafter sold his crop to J. A. Haymes. Under no construction of the language used in the mortgage can an intention be imputed to Maggie Haymes to pledge her individual property to se-

cure advances made by appellee to one who might thereafter sell his crop to J. A. Haymes. The court erred, therefore, in holding that the mortgage secured advances made by appellee to Charlie Sharp in the sum of $108.90.

Appellant Maggie Haymes also contends that the court erred in rendering a personal judgment against her for the balance of the account which was charged on the books to her husband, J. A. Haymes, in excess of $700, the amount of the notes. Her liability under the terms of the mortgage is not limited to the face of the notes. The language of the mortgage secured the payment of all supplies furnished to both Mr. and Mrs. Haymes during the year 1929 for the purpose of making the crop. Mrs. Haymes testified, in addition to the language used in the mortgage which binds her, that she gave the mortgage to cover Arthur's (her husband) account for supplies which were to be furnished them during the year 1929. It was her account as well as her husband's, although charged against her husband, and it was proper to render a personal judgment against her for the balance eliminating the item advanced to Charlie Sharp.

It was improper, however, to render a personal judgment against J. A. Haymes who had not been personally served.

Appellant, Maggie Haymes, also contends for a reversal of the judgment and decree because same was based upon a report of a master filed in vacation without being accorded a hearing thereon. It is argued that a master was appointed to state the account and the cause continued, and that during vacation he filed a report upon which the judgment and decree were rendered and dated back as if same had been rendered in term time. We have examined the record, and are unable to find where any master was appointed or that he filed a report or that the judgment and decree were based upon such report. The judgment and decree recite that it was rendered on the 7th day of March, 1930, during term time, upon the pleadings and testimony adduced at the trial, and there

is nothing in· the record showing that these recitals are not true.

The judgment and decree are therefore modified so as to conform to this opinion, and, as modified, are affirmed.